IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHUA JAY BERKEY,

    Petitioner,

v.

    Criminal Action No. 3:07cr94
    Civil Action No. 3:13cv34
    (Judge Bailey)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On March 21, 2013, the *pro se* petitioner, an inmate incarcerated at McKean FCI in Bradford, Pennsylvania, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Clerk of Court issued a Notice of Deficient Pleading, advising petitioner to re-file his motion on a court-approved form by April 11, 2013. Petitioner filed his unsigned, undated court-approved form petition on April 15, 2013, alleging ineffective assistance of counsel and that his sentence is unconstitutional in light of intervening changes in the law.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Facts

**A. Conviction and Sentence**

On April 4, 2008, the petitioner signed a plea agreement in which he agreed to plead guilty to Count One of the Indictment, charging him with Aiding and Abetting the Possession with Intent to Distribute 11.1 grams of cocaine base, also known as "crack," in violation of Title 21, United State Code, §§841(a)(1) and (b)(1)(B), and Count Three, Felon in Possession, in

1

violation of Title 18, U.S.C. §922(g)(1). In the plea agreement, the parities stipulated to total drug relevant conduct of 11.1 grams of cocaine base, also known as "crack," 1.5 grams of hydromorphone, and three firearms with 187 rounds of five different types of ammunition. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence.[1] On April 8, 2008, the petitioner entered his plea in open court.

On August 5, 2008, the Court sentenced the petitioner to 188 months imprisonment on Count One, to run concurrently with a sentence of 120 months imprisonment on Count Three; and a term of supervised release of 3-5 years on Count One, to run concurrently with a 2-3 year term of supervised release on Count Three.

**B. Appeal**

Petitioner did not file an appeal.

**C. Federal Habeas Corpus**

The petitioner raises three grounds, asserting that:

1) pursuant to the Fourth Circuit Court of Appeals' decision in United States v. Simmons,[2] he is no longer a career offender for purposes of the U.S. Sentencing Guidelines §4B1.1 career offender enhancement;

2) pursuant to the Fourth Circuit Court of Appeals' decision in United States v. Romary,[3] as well as U.S.S.G. §4A1.2(b)(2), his sentence was improperly enhanced, because he received a suspended sentence for one of his U.S.S.G. §4B1.1 Career Offender predicate offenses; and

3) counsel was ineffective before the entry of petitioner's plea, for

    a) performing an inadequate investigation into the facts surrounding petitioner's case and criminal history; and

---

[1] Plea Agreement, Dkt.# 75, ¶12 at 4.

[2] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc).

[3] United States v. Romary, 246 F.3d 339, 342-43 (4th Cir. 2001)(defendant qualified for sentencing as a career offender when one of his predicate sentences--a suspended 10-year sentence--came within the 15-year applicable time period by virtue of the fact that his probation was subsequently revoked and the sentence activated).

        b) providing erroneous advice regarding potential sentence petitioner faced, thereby inducing him to plead guilty.

As relief, he requests that his sentence be vacated and he be re-sentenced without the Career Offender enhancement.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied as untimely and dismissed from the Court's docket.

## III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[4]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[5] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

---

[4] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[5] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

3

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, *supra* at 511. Here, because the grounds petitioner raises in support of his motion to vacate are clearly without merit,[6] the undersigned has proceeded to consider whether the motion is timely without providing the petitioner the opportunity to explain the timeliness of his petition.

In the instant case, the §2255 motion is clearly untimely under subsection 1. At the time petitioner was convicted, the conviction of a prisoner who did not file a notice of appeal became final ten days after judgment was entered on the criminal docket.[7] Petitioner was sentenced on August 5, 2008. Judgment was entered on his criminal docket on August 13, 2008. Petitioner never filed a direct appeal. Thus, his conviction became final on August 27, 2008, when the time for seeking such review expired.[8] *See* Clay v. United States, 537 U.S. 522 (2003). Therefore, under AEDPA, the petitioner had until August 27, 2009 to timely file a § 2255 motion. Petitioner did not file his petition until March 21, 2013, three years, six months and twenty-two

---

[6] Pursuant to his plea agreement and the entry of his plea in a Rule 11 hearing, petitioner waived the right to file a §2255 motion, and thus he has waived any defect in counsel's pre-plea representation. Moreover, even if he had not, his claims of ineffective assistance are grossly untimely; having waited over three and a half years to raise claims he has presumably been aware of all along, he cannot show due diligence with regard to meeting the §2255(f)(4) one-year statute of limitations. Finally, as will be shown *infra,* his claims regarding intervening changes in law are unavailing.

[7] That rule has since been amended. In 2009, Fed. R. App. P. 4 was amended to permit a prisoner to have fourteen days, instead of only ten, after judgment is entered on his criminal docket, in which to file a notice of appeal; if he does not do so within that time frame, his conviction becomes final. See Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)).

[8] At the time when the court entered the criminal judgment, pursuant to Fed. R. App. P. 26(a), weekends and holidays were not counted in calculating the ten-day period.

days after the statute of limitations had already expired. Thus, petitioner's §2255 motion is untimely under subsection 1.

Because the petitioner does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts, subsections 2 and 4 are not applicable to this case.

The Court further finds that subsection 3 does not apply because <u>United States v. Simmons</u> has not been made retroactively applicable to cases on collateral review. While the Supreme Court has not addressed the retroactivity of <u>Simmons</u>, the Fourth Circuit has determined that it does not apply retroactively.[9] Moreover, even if <u>Simmons</u> were retroactively applicable to cases on collateral review, it was decided August 17, 2011; petitioner waited until March 21, 2013 to raise it, thus, even if it were availing, it was raised over eight months past the § 2255(f) one-year statute of limitation.

Likewise, petitioner's argument that he is entitled to relief pursuant to <u>Romary</u> also fails. In his memorandum of law, petitioner represents that his Career Offender enhancement was based on two felony predicate offenses, a January 14, 2002 guilty plea to Conspiracy to Robbery, for which he received a nine months jail sentence, credit for time served, and 36 months probation; and a July 28, 2003 guilty plea to four counts of Theft by Unlawful Taking, for which he was "sentenced to time served to 24 months [sic] minus one day" in jail, and ordered to pay restitution.[10] Petitioner misstates his criminal history.[11] A review of his Presentence

---

[9] In <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012), the Fourth Circuit ruled that <u>Simmons</u> was not retroactively applicable to cases on collateral review. Accordingly, the <u>Simmons</u> relief sought by the defendant is not available to him in light of <u>Powell</u>.

[10] Dkt.# 148 at 30.

[11] Attached to petitioner's PSR is a June 23, 2008 letter to defense counsel, written in response to her inquiry, from the York, Pennsylvania Office of the Public Defender, stating that the July 28, 2003 Theft by Unlawful Taking charges were 2nd degree misdemeanors. Dkt.# 91-1 at 41.

5

Investigation Report ("PSR") reveals that his two felony predicate offenses were the January 14, 2002 Conspiracy to Robbery conviction, for which he received a nine months jail sentence, credit for time served, and 36 months' probation;[12] and a September 7, 2006 guilty plea to Robbery, for which he was sentenced to 58-120 months in absentia, after he fled, post-plea, remained a fugitive from justice and failed to appear at sentencing.[13] As such, both of petitioner's predicate offenses were for felony crimes of violence punishable by more than one year,[14] and thus they remain valid predicate offenses under U.S.S.G. §4B1.1.[15]

## V. <u>Recommendation</u>

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as untimely and **DISMISSING** this action from the Court's docket.

**Within fourteen days (14)** after being served with a copy of this Recommendation with the Clerk of the Court, **or by May 15, 2013,** any party may file written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

---

[12] Dkt.# 91, ¶ 46 at 12. However, the maximum sentence for that crime was twenty years. Dkt.# 91, ¶ 4 at 4.

[13] Dkt.# 91, ¶ 51 at 14.

[14] Dkt.# 91, ¶ 29 at 9.

[15] Application Note 2 to U.S.S.G. §4A1.2 specifies that to qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time) . . . For the purposes of applying U.S.S.G. §4A1.1(a), (b) or (c), the length of a sentence of imprisonment is the stated maximum . . . That is, criminal history points are based on the sentence pronounced, not the length of time actually served . . ."

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

Dated: May 1, 2013

        **/s/** James E. Seibert_____
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE